**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012[*]
Decided May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3816

| | |
|---|---|
| SHARYON A. COSEY, | Appeal from the United States District |
|     *Plaintiffs-Appellants*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 10 C 5848 |
| AMERIQUEST MORTGAGE | |
| COMPANY, et al., | Marvin E. Aspen, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Deutsche Bank National Trust Company foreclosed on Sharyon Cosey's home mortgage, and the property was sold at a judicial auction in 2009. Deutsche Bank had acquired the note and mortgage from Ameriquest Mortgage Company—the original lender, according to the loan documents—but in the foreclosure suit Cosey insisted that she had never borrowed money from Ameriquest. That contention did not prevail, and after the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

state court had confirmed the judicial sale, Cosey filed this action claiming violations of the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1–12. Named as defendants are Deutsche Bank and Ameriquest, several companies that had serviced the loan, and the parties involved in acquiring the foreclosed property, including the current owner.

The district court dismissed the defendants in three stages. The court first dismissed the parties that acquired the property, noting that Cosey had no business dealings with these defendants. The court then dismissed Ameriquest and one of the loan servicers for failure to prosecute, since Cosey had not served them properly with her complaint. Finally, the court dismissed the remaining defendants for multiple reasons, including that Cosey had waited too long to seek damages under the Truth in Lending Act and had failed to plead fraud with specificity, *see* FED. R. CIV. P. 9(b).

On appeal Cosey does not develop any legal argument challenging the district court's reasons for dismissing her lawsuit, despite her obligation under Federal Rule of Appellate Procedure 28(a)(9) to submit a brief containing "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). In the interest of the uniform administration of justice, we insist on compliance with Rule 28(a)(9), *see McNeil v. United States*, 508 U.S. 106, 113 (1993), and although we "are generally disposed toward providing a litigant the benefit of appellate review," we will not craft arguments for the appellant, *Anderson*, 241 F.3d at 545.

Accordingly, the appeal is DISMISSED.